UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                CASE NO. 8:25-cr-256-MSS-AEP

BRUCE RAYMOND ROBINSON, JR.

**UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE AND COUNT TWO**

The Court should deny defendant, Bruce Raymond Robinson Jr.'s, motion to dismiss count one and count two based on the constitutionality of the underlying statute (Doc. 38), because the statute, as applied to Robinson's case is constitutional.

## I.    BACKGROUND

The government anticipates presenting the following testimony and evidence at trial.

In April 2025, the Tampa Police Department ("TPD") received a cyber tip for a Google user uploading an image of child pornography or child sexual abuse material ("CSAM"). TPD obtained a search warrant for the Google account and, upon receiving and reviewing the contents of the account, located the original image of CSAM from the cyber tip as well as hundreds of images and videos of "morphed" child pornography, as defined in 18 U.S.C. § 2256(8)(C). Pursuant to legal process and investigation, law enforcement identified the user of the Google account as Bruce Raymond Robinson, Jr. On or about May 2, 2025, law enforcement obtained a federal search warrant for Robinson's residence and electronic devices.

Following the execution of the search warrant, law enforcement conducted a forensic examination of Robinson's electronic devices. This examination revealed the presence of the same morphed images and videos of child pornography seen in the Google account on Robinson's devices. Through the investigation, law enforcement learned that Robinson has a minor female daughter. Law enforcement identified and interviewed Robinson's daughter and confirmed the morphed child pornography seen in Robinson's Google account and on his devices bears her image, specifically her face. These images and videos are morphed in that they depict adult pornography, that is adults engaged in sexually explicit conduct, however, the faces of the females engaged in the conduct have been replaced with images of Robinson's minor daughter to make it appear as though the minor is engaged in sexually explicit conduct.

Post-*Miranda*, Robinson admitted to using the Google account at issue until it was shut down by Google for violating their policies, specifically for some images located within the account. Law enforcement showed Robinson some of the images of morphed child pornography and Robinson confirmed creating the images and identified his daughter's face on the images. Robinson admitted to being active in chat rooms on the internet where he shared the images of pornography depicting his daughter's face. Specifically, law enforcement showed Robinson an image of a female, who's image had been morphed to depict Robinson's daughter's face, engaged in sexual intercourse with the words "There is no woman more perfect for a man than his own daughter" written at the bottom of the photo. Robinson stated that

he created that photograph using "AI" computer software and sent the photo to other people through text messages.

On May 28, 2025, a grand jury returned a four count indictment charging Robinson with count one, transportation of child pornography: actual minor, in violation of 18 U.S.C. § 2252A(a)(1), count two, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), count three, transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and count four, possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Counts one and two are based on the morphed images and videos of child pornography. Counts three and four are based on the CSAM which generated the cyber tip and are not at issue for purposes of this motion.

## II.    ARGUMENT

The motion to dismiss should be denied because counts one and two are predicated upon "morphed" child pornography depicting an actual, identifiable child and as such, the images are not protected by the First Amendment. For these reasons, the statute is constitutional as applied.

### A. The child-pornography exception to the First Amendment includes "morphed" child-pornography.

The child-pornography exception to the First Amendment is inapplicable to virtual child pornography depicting no identifiable child. Robinson is not charged with offenses involving purely virtual child pornography in which no child is identified and therefore, harmed. Robinson's offenses center around an actual,

3

identifiable minor, his biological daughter. Robinson's daughter has been harmed by the creation of child pornography bearing her face and for that he is not protected by the First Amendment and his motion should be denied.

In 1982, the Supreme Court addressed the intersection of child pornography and the First Amendment and held in *New York v. Ferber*, 458 U.S. 747 (1982), that the production, distribution, and sale of child pornography receives no First Amendment protection. *Id.* at 756-765; see *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002). Similarly, in 1990, the Court held in *Osborne v. Ohio*, 495 U.S. 103 (1990), that the First Amendment also does not protect the possession of child pornography. See *id.* at 111. Both *Ferber* and *Osborne* rest broadly on the idea that the government has an overriding interest in protecting children from sexual abuse and exploitation, including physical and "reputational and emotional harm," and in preventing the creation of a "permanent record" of the abuse and "destroy[ing]" the market for such material. See, e.g., *Free Speech Coalition*, 535 U.S. at 249; *Osborne*, 495 U.S. at 109; *United States v. Mecham*, 950 F.3d 257, 265 (5th Cir. 2020).

Section 2252A prohibits certain activities relating to material constituting or containing child pornography, as defined in 18 U.S.C. § 2256(8). The term "child pornography" means any visual depiction, including any photograph, film, video, picture or computer or computer-generated image or picture made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. 18 U.S.C. § 2256(8). An "identifiable

minor" is a person whose image as a minor was used in creating, adapting, or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature. *Id.* § 2256(8)(C).

The key term "child pornography" is limited to the definitions given in 18 U.S.C. § 2256(8)(A) and (C). Subsection (8)(A) is constitutional because it applies only to the abuse of actual children. *Free Speech Coalition*, 535 U.S. at 241. As to subsection (8)(C), the Court noted that the provision reaches "computer morphing" in which individuals "alter innocent pictures of real children so that the children appear to be engaged in sexual activity." *Id.* at 242. Subsection (8)(C) was not at issue in *Free Speech Coalition*, and so the Court did not resolve its constitutionality, but the Court did note in dicta that "[a]lthough morphed images may fall within the definition of virtual child pornography, they implicate the interests of real children and are in that sense closer to the images in *Ferber*." *Id.*

Subsection (B) was modified (and Subsection (D) was repealed) after the Supreme Court found the term to be "overbroad and unconstitutional" in *Free Speech Coalition*. The modified Subsection (B) provides that "child pornography" includes a digital or computer-generated image that is "indistinguishable" from that of a minor engaging in sexually explicit conduct, and "sexually explicit conduct" for purposes of Subsection (B) is defined by modifying the general "sexually explicit conduct" definition to require that the sexually explicit conduct be "graphic." 18 U.S.C. § 2256(2)(B), (8)(B). Thus, Congress sought to address the Supreme Court's concern in

*Free Speech Coalition* that former Subsection (B) prohibited speech that was not obscene, recorded no crime and created no victims through its production. See *United States v. Williams*, 444 F.3d 1286, 1295-96 (11th Cir. 2006), rev'd on other grounds, 553 U.S. 285, 128 S. Ct. 1830 (2008). Notably, Congress has made no other changes to the statute and as such Section 2256(8)(C) remains legally viable.

The Supreme Court has consistently cited the interest in preventing reputational and emotional harm to children as a justification for the exclusion of child pornography from the First Amendment. Additional reasons include (i) the government's interest in safeguarding minors; (ii) the need to avoid creating a permanent record of the abuse; (iii) reducing the economic incentive to create it; (iv) the minimal value of such speech; and (v) the sheer "evil" of the speech so dramatically outweighs any relevant expressive interests. See, e.g., *United States v. Mecham*, 950 F.3d 257, 262 (5th Cir. 2020) (discussing *Ferber* and *Osborne*).

Morphed child pornography causes real harm to real children. See *Doe v. Boland*, 698 F.3d 877, 884 (6th Cir. 2012) ("By using identifiable features of children," such material "place[s] actual minors at risk of reputational harm." (internal quotation marks omitted)). Consistent with this understanding, several courts have held post-*Free Speech Coalition* that morphed child pornography falls outside the scope of the First Amendment. See, e.g., *Mecham*, 950 F.3d at 267 ("We conclude that because morphed child pornography depicts an identifiable child, it falls outside the First Amendment."); *Doe*, 698 F.3d at 883 ("[The minors'] likenesses are identifiable in Boland's images. That [the minors] were real victims with real

6

injuries offers one reason for rejecting Boland's First Amendment challenge."); *Hotaling*, 634 F.3d at 730 ("Unlike the computer generated images in *Free Speech Coalition*, where no actual person's image and reputation were implicated, here we have six identifiable minor females who were at risk of reputational harm and suffered the psychological harm of knowing that their images were exploited and prepared for distribution by a trusted adult."). And two other courts have suggested that they would likewise reach the same result if the issue were squarely presented. See *Shoemaker*, 730 F.3d at 786 ("Morphed images of children engaged in sexual activity directly implicate the interest of protecting children from harm, an interest the Supreme Court deemed compelling in *Ferber*."); *United State v. Hoey*, 508 F.3d 687, 693 (1st Cir. 2007) (upholding application of sentencing enhancement for sadistic or masochistic child pornography and agreeing in dicta that the First Amendment does not encompass morphed child pornography, at least in the form of a minor's face being transposed on another minor's body).

Contrary to the defense's contention that child pornography is excepted from the First Amendment simply because it contains a record of the abuse of a child, many images of child pornography contain no abuse but simply the lewd exhibition of a child. It is well-settled under *Ferber* that lewd exhibition of the genitals of a child constitutes child pornography. Thus, it follows that the consistent concern expressed by courts in excluding child pornography from the protection of the First Amendment, is the reputational and emotional harm caused to the actual child depicted in the image. *Mecham*, 950 F.3d at 267.

Using an innocent picture of his minor daughter, Robinson created images of her in which she appears to be engaged in sexual activity. Robinson has now subjected his daughter to the same reputational and emotional harm the Supreme Court has sought to protect children from. Consistent with *Ferber*, he has created child pornography of an identifiable child, implicating the interests of a real child and for which he is not protected by the First Amendment. Unlike virtual child pornography, in which no actual person's reputation is implicated, no actual person suffers any harm, and therefore, there is no actual victim, it is undeniable that Robinson's daughter is now a victim. Through Robinson's actions, her image is now associated with sexually explicit acts. There is now a permanent record on the internet of her appearing to engage in sexually explicit conduct as a minor. Because morphed child-pornography victimizes a real child, it is excluded from the protection of the First Amendment.

**B. The statute is constitutional as applied to Robinson's case.**

Unlike purely virtual child pornography in which no child is harmed, morphed child pornography such as that created and possessed by Robinson, is not protected speech under the First Amendment. However, like the court in *Anderson*, this Court could disagree with that rationale and still uphold the constitutionality of the statute as applied in Robinson's case. *United States v. Anderson*, 759 F.3d 891, 896 (8th Cir. 2014).

Creating morphed images of real children on the bodies of nude adults, giving the appearance that those children are engaged in sexually explicit activity,

8

implicates the government's interest in protecting minors and prohibiting such conduct is the least restrictive way for the government to protect those children. *Id.* Applying a strict scrutiny standard, the court in *Anderson* found 2256(8)(C) constitutional as applied to this conduct. *Id.* The court noted "the harm a child suffers from appearing as the purported subject of pornography in a digital image that is distributed via the Internet can implicate a compelling government interest regardless of the image's verisimilitude or the initial size of its audience." *Id.* Like the defendant in *Anderson*, Robinson's conduct involves a real child and the creation of sexually explicit material involving that child, as defined in 2256(8)(C). As such, Section 2252A is constitutional as applied to Robinson's case.

There are two ways for a challenger to prove that a statute is facially unconstitutional. The first (and most common) method is that the challenger must "establish that no set of circumstances exists under which the law would be valid," or else show that the law lacks any "plainly legitimate sweep." *United States v. Ostrander*, 114 F.4th 1348, 1362 (11th Cir. 2024) citing to *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 615, 141 S.Ct. 2373, 210 L.Ed.2d 716 (2021). In the First Amendment context, however, the Court has recognized "a second type of facial challenge, whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Ostrander* citing to *United States v. Stevens*, 559 U.S. 460, 473, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010). The defendant bears the burden of showing that substantial

9

overbreadth exists, and that the statute will significantly unconstitutionally burden parties not before the court. *Ostrander*, 114 F.4th at 1362.

Robinson has failed to meet his burden. In light of *Free Speech Coalition*, Congress took action to modify the statute and eliminate any issue with overbreadth and resulting unconstitutionality. Subsection B was modified, and Subsection D was repealed. What remains in Subsection (8)(C), is properly applied in Robinson's case, involving morphed images of an actual, identifiable child and therefore counts one and two should not be dismissed.

III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Defendant's motion. Doc. 38.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:

/s/ *Courtney Derry*
Courtney Derry
Assistant United States Attorney
Florida Bar No. 41125
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov

**U.S. v. Robinson**                                   **Case No. 8:25-cr-256-MSS-AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to counsel of record.

/s/ *Courtney Derry*
Courtney Derry
Assistant United States Attorney
Florida Bar No. 41125
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov