UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      CASE NO: 8:25-cr-256-MSS-AEP

BRUCE RAYMOND ROBINSON,
JR.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss Count One and Count Two: Challenge to the Constitutionality of 18 U.S.C. § 2252A, (Dkt. 38), of Defendant Bruce Raymond Robinson, Jr., the response in opposition thereto of the government, (Dkt. 44), and Defendant's reply. (Dkt. 50)

Upon consideration of all relevant filings, case law and being otherwise fully advised, the Court **DENIES** Defendant's Motion. The Court finds that "morphed" child pornography is not speech protected by the First Amendment.

**I.**    **Discussion**

Defendant is accused of creating and receiving depictions of adults engaged in sexually explicit conduct which were morphed to replace the face of adult women with the face of Defendant's minor daughter. (Dkts. 38 at 1-2; 44 at 1-2)

Defendant contends 18 U.S.C. § 2252A is unconstitutional because it criminalizes expression of protected speech—morphed child pornography—and discriminates based on viewpoint. (Dkt. 38 at 2) The government contends the statute does not criminalize protected speech because morphed child pornography is not protected speech. (Dkt. 44 at 3) The government contends in the alternative that, if morphed child pornography is protected speech, the statute passes constitutional muster. Id. at 8. In the absence of binding case law, the Court holds that morphed child pornography is not protected speech—the conclusion most circuit courts have reached when presented with the issue.

Real child pornography is not protected speech under the First Amendment. Osborne v. Ohio, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990); New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). In contrast, virtual child pornography—sexually explicit images "created by using adults who look like minors or by using computer imaging"—is protected speech. Ashcroft v. Free Speech Coal., 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). The Supreme Court has not resolved whether morphed child pornography—"any visual depiction . . . whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct"—is protected speech. 18 U.S.C. § 2256(8)(C). The Second, Fifth, and Sixth Circuits have held it is not protected speech. United States v. Hotaling, 634 F.3d 725 (2d Cir. 2011); United States v. Mecham, 950 F.3d 257 (5th Cir. 2020); Doe v. Boland, 698 F.3d 877

(6th Cir. 2012). The Eighth Circuit concluded that morphed child pornography is protected speech, but it upheld a statute that criminalizes knowingly distributing morphed child pornography. United States v. Anderson, 759 F.3d 891 (8th Cir. 2014). Acknowledging the existence of a circuit split following Anderson, the Fifth Circuit sided with the Second and Sixth Circuits' determination that morphed child pornography is not protected speech. Mecham, 950 F.3d at 264–67. This Court has not found a reported decision in the Eleventh Circuit or any district court within the Circuit that addresses this matter.[1]

In the absence of binding authority, a brief review of the Supreme Court's jurisprudential development on this issue is instructive. In Ferber, the Supreme Court rejected a First Amendment defense to New York's child pornography law, which

---

[1] Though not binding, there is an Eleventh Circuit pattern jury instruction as to § 2252A(a)(2) and (a)(5)(B) (corresponding to Counts I & II). See Judicial Council of the United States Eleventh Judicial Circuit, Criminal Pattern Jury Instruction O83.4A (Sept. 2025 ed.) Of note, the pattern instruction defines "child pornography" as follows:

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, made or produced by electronic, mechanical, or other means, of sexually explicit conduct where [the visual depiction's production involves using a minor engaging in sexually explicit conduct] [the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct].

…

[An "identifiable minor" is a person [who was a minor when the visual depiction was created, adapted, or modified] [whose image as a minor was used in creating, adapting, or modifying the visual depiction] and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature. The Government does not have to prove the actual identity of the identifiable minor.]

3

criminalized distribution but not possession of child pornography. 458 U.S. at 750–51. Ferber identified five reasons why "the States are entitled to greater leeway in the regulation of pornographic depictions of children." 458 U.S. at 756. First, the government has a compelling interest in "safeguarding the physical and psychological well-being of a minor." Id. at 756–57 (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982)). Second, distribution of child pornography exacerbates the sexual abuse of children by circulating a "permanent record" of abuse. Id. at 759. Third, outlawing the sale of child pornography reduces the economic incentive to create it. Id. at 761–62. Fourth, any value of child pornography is "exceedingly modest, if not *de minimis*." Id. at 762. Fifth, excluding child pornography from the First Amendment is consistent with the longstanding recognition that bans on certain types of speech escape First Amendment scrutiny when "the evil to be restricted so overwhelmingly outweighs the expressive interests, if any, at stake, that no process of case-by-case adjudication is required." Id. at 763–64. The Court cited fighting words and libel against nonpublic figures as examples of speech categorically excluded from the First Amendment. Id. at 763.

    The Supreme Court in Osborne concluded that states may ban possession of child pornography. See Osborne, 495 U.S. at 111. Osborne, largely echoing Ferber, cited the following reasons for its holding: punishing possession reduces demand for the pornography; a ban on possession may limit the "continuing harm" to the child by encouraging destruction of the images; and "evidence suggests that pedophiles use child pornography to seduce other children into sexual activity." Id. at 109–11.

4

In United States v. Stevens, the Supreme Court held that images depicting cruelty to animals are not categorically excluded from the First Amendment. 559 U.S. 460, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010). Stevens noted that the Supreme Court's prior recognition of categorical exclusions from the First Amendment did not depend on "a simple cost-benefit analysis" of the speech's worth. Id. at 471. The Court explained that Ferber, for example, "did not rest on this 'balance of competing interests' alone." Id. (emphasis added) (quoting Ferber, 458 U.S. at 764). The Court in Stevens cited Ferber as demonstrating the principle that speech "used as an integral part of conduct in violation of a valid criminal statute" does not enjoy First Amendment protection. Id. (quoting Ferber, 458 U.S. at 762).

Citing Stevens, the Eighth Circuit concluded that whether morphed child pornography is protected speech depends on whether the pornography depicts the underlying crime of sexual abuse of a minor, even if it depicts abuse of a minor other than the identifiable child depicted in the pornography. Anderson, 759 F.3d at 894–95. Under the Eighth Circuit's reasoning, a morphed child pornography image is exempted from protected speech if it superimposes the face of a child who was not sexually abused onto the body of a different child being sexually abused, but a morphed child pornography image is not exempted from protected speech if it superimposes the face of a child who was not sexually abused onto the body of an adult engaging in sex. Id.

The other circuits to consider the issue have not cabined the exemption of morphed child pornography from protected speech to circumstances in which the

5

pornography involves actual sexual abuse of a minor. See Hotaling, 634 F.3d 725; Mecham, 950 F.3d 257; Boland, 698 F.3d 877. "By using identifiable images of real children, these courts conclude, morphed child pornography implicates the reputational and emotional harm to children that has long been a justification for excluding real child pornography from the First Amendment." Mecham, 950 F.3d at 265. In Mecham, the Fifth Circuit recognized that "[t]he Supreme Court's child pornography decisions . . . invoke the concern about reputational and emotional harm to children; a one-paragraph discussion of child pornography in [Stevens,] a case involving animal crush videos[,] does not allow us to overrule those decisions." Id. (citing United States v. Price, 775 F.3d 828, 838 (7th Cir. 2014)); see also Price, 775 F.3d at 838 ("Stevens did not suddenly confer First Amendment protection on some child pornography—i.e., pornographic images that stop short of depicting illegal child abuse. That would have been a significant doctrinal development, and not likely to be hidden in a case about crush videos."). Stevens does not "say that a connection to underlying sexual abuse is the only one of Ferber's many rationales that now matters; it instead said that feature made Ferber a 'special case.'" Id. at 266 (quoting Stevens, 559 U.S. at 471). Stevens "had no reason to" mention any additional recognized bases for the exemption of child pornography from speech protections because only one aspect of Ferber—the minimal value of animal crush videos—was urged as a justification for banning videos depicting animal torture. Id. at 265–66 (discussing Stevens); see also Stevens, 559 U.S. at 469 (observing that the government characterized animal crush videos as "lacking expressive value" and "of such minimal

6

redeeming value as to render them unworthy of First Amendment protection") (cleaned up).

Stevens notes that Ferber did not recognize the exemption of real child pornography from speech protections "on the basis of a simple cost-benefit analysis." Stevens, 559 U.S. at 471. But this Court need not engage in cost-benefit analysis to apply the principle that reputational and emotional harm to children supports exemptions from protected speech. See Hotaling, 634 F.3d at 729–30. By using identifiable features of children, morphed child pornography places "actual minors" "at risk of reputational harm" and is thus "not protected expressive speech under the First Amendment." Boland, 698 F.3d at 884; Mecham, 950 F.3d at 267 (concluding that morphed child pornography is outside the First Amendment because it depicts identifiable children and thus raises the threat of "reputational and emotional harm to children"). In sum, Stevens does not limit courts from relying on bases recognized in Ferber to determine that categories of speech are not protected under the First Amendment. Moreover, the Supreme Court has suggested in dicta that morphed child pornography is not protected speech. In Ashcroft v. Free Speech Coal., the Supreme Court rejected the government's contention that virtual child pornography is unprotected speech. 535 U.S. at 242. Although no challenge to a limitation on morphed child pornography was before it, the Court remarked that, unlike virtual child pornography images, morphed child pornography images "implicate the interests of real children and are in that sense closer to the images in Ferber."

This Court follows the burgeoning majority of cases on this issue and concludes that morphed child pornography is not protected speech. The government's interest in preventing reputational and emotional harm to actual children depicted in such images justifies a categorical exclusion of morphed child pornography from the First Amendment. Because the Court concludes that morphed child pornography is not protected speech, the Court need not reach the issue of whether 18 U.S.C. § 2252A survives judicial review as a regulation of protected speech.

## II.  Conclusion

Upon consideration of the foregoing, the Court **DENIES** the Motion to Dismiss Count One and Count Two: Challenge to the Constitutionality of 18 U.S.C. § 2252A, (Dkt. 38), of Defendant Bruce Raymond Robinson, Jr.

**DONE and ORDERED** in Tampa, Florida this 16th day of October, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
United States Marshal Service
United States Probation Office
United States Pretrial Office