UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               CASE NO: 8:25-cr-256-MSS-AEP

BRUCE RAYMOND ROBINSON, JR.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss for Multiplicity, (Dkt. 39), of Defendant Bruce Raymond Robinson, Jr., the response in opposition thereto of the Government, (Dkt. 45), and Defendant's reply. (Dkt. 50)

Upon consideration of all relevant filings, case law and being otherwise fully advised, the Court **DENIES** Defendant's Motion. Specifically, the Court finds that Counts I and II are not multiplicitous with each other and Counts III and IV are not multiplicitous with each other.

**I.    Discussion**

"An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Davis, 854 F.3d 1276, 1286 (11th Cir. 2017) (quoting United States v. Woods, 684 F.3d 1045, 1060 (11th Cir. 2012)). "A multiplicitous indictment

'violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense.'" Id. (quoting United States v. Jones, 601 F.3d 1247, 1258 (11th Cir. 2010)). "We use the *Blockburger* test to determine whether an indictment is multiplicitous, verifying that each count requires an element of proof that the other counts do not require." United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) (citing Ward v. United States, 694 F.2d 654, 661 (11th Cir.1983)). "Accordingly, charges in an indictment are not multiplicitous if the charges differ by even a single element or alleged fact." Woods, 684 F.3d at 1060.

In Counts I and II Defendant is charged, respectively, with transporting child pornography (in violation of 18 U.S.C. § 2252A(a)(2) and (b)(l)) and possessing child pornography (in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)). (Dkt. 17 at 1-2) In Counts III and IV Defendant is charged, respectively, with transporting child pornography (in violation of 18 U.S.C. § 2252(a)(1) and (b)(l)) and possessing child pornography (in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2)). (Id. at 2-3)

Defendant contends that Counts I and II "are multiplicitous with each other because one cannot transport child pornography without also possessing that child pornography;" and Counts III and IV "are multiplicitous [with each other] for the same reason." (Dkt. 39 at 2) In response, the Government contends that "[t]he motion to dismiss should be denied because under a Blockburger analysis, counts two and four require proof of an element not required in counts one and three[,]" i.e., possession of child pornography. (Dkt. 45 at 3-4)

2

In <u>United States v. Little</u>, 864 F.3d 1283 (11th Cir. 2017), the Eleventh Circuit addressed whether an individual's conviction for both transportation and possession of child pornography under, respectfully, § 2252(a)(1) and § 2252(a)(4)(B) violated the Fifth Amendment's Double Jeopardy Clause. <u>Little</u>, 864 F.3d at 1288 n.1. These provisions are at issue in Counts III and IV of the present case. The court in <u>Little</u> first noted that the Double Jeopardy Clause is implicated "when both statutes prohibit the same act or transaction or when one act is a lesser included offense of the other." <u>Id.</u> (quoting <u>United States v. Bobb</u>, 577 F.3d 1366, 1371 (11th Cir. 2009)). The court further noted that the Double Jeopardy Clause "does not apply when each offense 'requires proof of a fact which the other does not.'" <u>Id.</u> (quoting <u>Bobb</u>, 577 F.3d at 1372). The court then stated that the transportation and possession offenses "each required proof of a fact that the other did not." <u>Id.</u> "While the transportation offense required the government to prove that Little <u>used</u> a means or facility of interstate commerce to satisfy the transportation element of the crime, the possession offense required the government to prove that Little possessed pornography that <u>had already been</u> transported using a means or facility of interstate commerce." <u>Id.</u> (underlining in original). The court in <u>Little</u> concluded that "[b]ecause each offense required the government to prove a fact that the other did not, the Double Jeopardy Clause was not violated." <u>Id.</u> Under the reasoning of this precedent, Counts III and IV are not multiplicitous with each other.

"[P]ossession of child pornography in violation of § 2252A(a)(5)(B) is, under many circumstances, a lesser included offense of receipt of child pornography in

3

violation of § 2252A(a)(2)." United States v. Weeks, No. 3:09CR19/MCR/EMT, 2014 WL 4354427, at *11 (N.D. Fla. Sept. 2, 2014) (citing United States v. Bobb, 577 F.3d 1366, 1375 (11th Cir. 2009)). Similarly, possession of child pornography in violation of § 2252A(a)(5)(B) can be a lesser included offense of distribution of child pornography in violation of § 2252A(a)(2). "There is no double jeopardy violation, however, if a defendant's convictions under two seemingly overlapping statutes involve different conduct." Id. (citing Bobb, 577 F.3d at 1375).

The Court is not persuaded that the Government will use the same acts to prove distribution or transportation of child pornography that it will use to prove possession of child pornography. See Bobb, 577 F.3d at 1375 (holding that defendant was convicted of distinct offenses of receipt and possession of child pornography where the indictments indicated the offenses occurred on different dates and the evidence at trial proved the offenses related to different items); United States v. McCain, No. 2:08-CR-156-WKW, 2009 WL 1405520, at *2-3 (M.D. Ala. May 19, 2009) (denying defendant's motion to dismiss on double jeopardy grounds because the charges of possession and distribution of child pornography involved separate acts and separate groups of photographs); United States v. Morin, 417 F. App'x 885 (11th Cir.2011) (use of different images supported separate convictions of distribution of and receipt of child pornography);[1] United States v. Harper, 398 F. App'x 550, 554 (11th Cir. 2010)

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. *See* 11th Cir. R. 36-2." United States v. Futrell,

4

("We recognize that Harper's indictment could be read to allege possession of child pornography either as a distinct offense or as a lesser included offense of receiving child pornography. But where it is unclear whether the indictment charges the defendant with distinct offenses, we must conclude that no double jeopardy violation appears on its face.") (citing United States v. Brown, 155 F.3d 431, 435, (4th Cir. 1998)). Counts I and II allege conduct that occurred on different dates. (Dkt. 17 at 1-2) Defendant has not shown that the Government must proceed on evidence of the same acts to prove Defendant engaged in distribution or transportation and possession of child pornography.

II.   **Conclusion**

Upon consideration of the foregoing, the Court **DENIES** the Motion to Dismiss for Multiplicity, (Dkt. 39), of Defendant Bruce Raymond Robinson, Jr.

**DONE and ORDERED** in Tampa, Florida this 16th day of October, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
United States Marshal Service
United States Probation Office
United States Pretrial Office

---

209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.