UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

DEC 8 2025 AM 1:06
FILED - USDC - FL MD - TPA

v.  CASE NO.

BRUCE RAYMOND ROBINSON, JR.

18 U.S.C. § 2252A(a)(1)
(Transportation of Child Pornography)
18 U.S.C. § 2252A(a)(5)(B)
(Possession of Child Pornography)

## INFORMATION

The Grand Jury charges:

## COUNT ONE
### (Transportation of Child Pornography)

Between or about February 21, 2025, and April 11, 2025, in the Middle

District of Florida, and elsewhere, the defendant,

BRUCE RAYMOND ROBINSON, JR.

did knowingly transport and attempt to transport child pornography, as defined in 18

U.S.C. § 2256(8)(C), that had been shipped and transported in and affecting

interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT TWO
### (Possession of Child Pornography)

On or about May 6, 2025, in the Middle District of Florida, and elsewhere, the

defendant,

BRUCE RAYMOND ROBINSON, JR.

did knowingly possess material that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8)(C), that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer and was produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1.     The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2.     Upon conviction of a violation of 18 U.S.C. § 2252A, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a.     Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b.     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2

3. The property to be forfeited includes, but is not limited to, the following: a Motorola cell phone, moto g stylus XT2043-4, serial number ZY227CZVHT, bearing IMEI 359084101223908 and an Apple iPhone 11, serial number F4GFCXMPN72J, bearing IMEI 356873113935258.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

GREGORY W. KEHOE
United States Attorney

By: _____
Courtney Derry
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

3