UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 8:25-cr-256-MSS-AEP

BRUCE RAYMOND ROBINSON, JR.

**UNITED STATES' SENTENCING MEMORANDUM**

A high-end guidelines sentence is justified by Bruce Raymond Robinson's actions of using the internet to create and share morphed pornographic images and videos depicting his minor daughter's face.

**I.        Background**

On December 8, 2025, Robinson was found guilty of Count One, transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and Count Two, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), of the superseding information, following a stipulated facts bench trial. Doc. 89, 90. The Government relies on the stipulation entered into evidence at trial (Doc. 86) and the facts outlined in the PSR. Doc. 97.

**II.       Presentence Investigation Report**

On February 24, 2026, the U.S. Probation Office issued its final PSR. Based upon a total offense level of 34 and a criminal history category of I, the guideline imprisonment range is 151 months to 188 months. PSR ¶ 80. The minimum term of imprisonment for Count One is five years and the maximum term is 20 years. The maximum term of imprisonment for Count Two is twenty years. PSR ¶ 79.

**III. Argument for 188 Months' Imprisonment**

A guidelines sentence of 188 months is necessary because it is the correct guidelines sentence and is supported by the 3553 sentencing factors. *See* 18 U.S.C. § 3553(a).

**A. Nature and Circumstances of the Offenses**

Robinson's creation, transportation and possession of child pornography depicting his own minor daughter is conduct worthy of a high-end guidelines sentence. Following up on a cyber tip for a user uploading an image of child sexual abuse material to Robinson's Google account, law enforcement discovered hundreds of images and videos of morphed child pornography. Further investigation revealed Robinson's minor daughter to be the feature of the morphed child pornography.

After the execution of a search warrant, law enforcement conducted a forensic examination of Robinson's electronic devices and located the same morphed images and videos of child pornography seen in the Google account on Robinson's devices. These images and videos, over 6,000 of them, are morphed in that they depict adult pornography, that is adults engaged in sexually explicit conduct, however, the faces of the females engaged in the conduct have been replaced with images of Robinson's minor daughter to make it appear as though the minor is engaged in sexually explicit conduct. A large number of the images and videos also have text overlaid referring to sexual acts involving fathers and daughters.

Post-*Miranda*, Robinson admitted to using the Google account at issue until it was shut down by Google for violating their policies, specifically for some images

located within the account. Law enforcement showed Robinson some of the images of morphed child pornography and Robinson confirmed creating the images and identified his daughter's face on the images. Robinson admitted to being active in chat rooms on the internet where he shared the images of pornography depicting his daughter's face. Specifically, law enforcement showed Robinson an image of a female, who's image had been morphed to depict Robinson's daughter's face, engaged in sexual intercourse with the words "There is no woman more perfect for a man than his own daughter" written at the bottom of the photo. Robinson stated that he created that photograph using "AI" computer software and sent the photo to other people through text messages.

In addition to the over 6,000 images of child pornography depicting Robinson's daughter's face, Robinson's cell phone contained deeply disturbing messages involving the sexual abuse of his minor daughter. The messages included discussions about going into her bedroom while she was sleeping and engaging in sexual acts, engaging the daughter in sexual acts with other people and also providing Ambien to her to allow her to more easily comply with such sexual abuse. Additionally, Robinson both discussed and shared photographs and videos of himself masturbating with and ejaculating into his daughter's underwear. In at least one video recovered from Robinson's phone depicting him masturbating in such a manner, the minor victim can be seen walking through the home in the background.

Robinson's conversations with these other users did not end with just fantasizing about sexually abusing his daughter; Robinson also shared the

pornographic images and videos he created depicting his minor daughter's face with these same users. Through his conduct, Robinson has created a permanent record on the internet of his daughter engaged in pornography. These images and videos will never be able to be located in their entirety and removed from the internet. Although it is undisputed that the victim was not physically harmed by Robinson, it is unquestionable that Robinson's actions will psychologically and emotionally affect the minor victim, his daughter, for years to come. The nature and circumstances of Robinson's conduct support a high-end guidelines sentence.

### B. History and Characteristics of the Defendant

The government acknowledges Robinson's troubled childhood and lack of significant criminal history. However, at the time of the offense, Robinson was a 43-year-old grown man with a stable, long-term job. The severity of Robinson's conduct in this case outweighs any apparent mitigation based on his history and characteristics.

### C. Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment

A high-end guidelines sentence is warranted in light of the seriousness of Robinson's crimes. "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). The government's recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the

history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The possession of child pornography, in and of itself, is incredibly harmful in that it encourages and records the sexual exploitation of children. Here, Robinson not only possessed extremely troubling images but created and shared those images with others. Robinson's actions ensured his daughter's permanent image on the internet, appearing to be engaged in sexual activity. Robinson's sentence must reflect the seriousness of the offense and its long-lasting impact on the victim. Likewise, Robinson's expressed profound sexual interest in his daughter cannot be ignored and the sentence should also address Robinson's future dangerousness.

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*. In this new world of artificial intelligence and ever-advancing technology, the sentence in this case should send a message to other offenders that serious consequences will result for such callous disregard of minor victims. While it is undisputed that Robinson did not physically abuse the victim, his daughter, the victim suffered harm and will continue to do so, nonetheless. A significant sentence is important to promote respect for the law involving computer-generated material depicting an actual minor.

**IV. <u>Conclusion</u>**

This court should impose a high-end guidelines sentence of 188 months' imprisonment because it is the appropriate sentence and is supported by the 3553 sentencing factors.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Courtney Derry*
Courtney Derry
Assistant United States Attorney
FL Bar No 41125
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov

U.S. v. Robinson                    Case No. 8:25-cr-256-MSS-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice

of electronic filing to counsel of record.

/s/ Courtney Derry
Courtney Derry
Assistant United States Attorney
FL Bar No 41125
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov